# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1696
Filed January 28, 2026

———————————

**In the Interest of K.F., K.F., and K.F., Minor Children,**

**R.W., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Brent Pattison, Judge.

———————————

**AFFIRMED**

———————————

Michael A. Horn of Horn Law Offices, attorney for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, attorneys for appellee State.

Emily Drenkow Carr of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

———————————

Considered without oral argument
by Greer, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

A mother[1] appeals the termination of her parental rights under Iowa Code section 232.116(1)(f) (2025) with respect to one child and Iowa Code section 232.116(1)(h) for her other two children. She challenges the juvenile court's determination that (1) the statutory grounds supporting termination were proven by clear and convincing evidence, (2) termination was in the children's best interests, and (3) guardianship in lieu of termination was not a viable option for these children. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The mother has three children, K.F., K.F., and K.F. The family came to the attention of the Iowa Department of Health and Human Services (HHS) in March 2024 when the youngest child tested positive for cocaine at birth. HHS implemented a safety plan that allowed a friend of the mother to provide supervision to the children and mother.

In May 2024, the mother and her friend who was supposed to be providing supervision both tested positive for cocaine. The State sought removal of the children, but the children could not be located due the mother allowing the children to be taken by her brother to avoid removal. The mother contacted HHS at the end of May and informed them of the children's location.

The juvenile court confirmed the removal and deemed the paternal aunt of the children to be a suitable placement for the children. The State filed a petition alleging that K.F., K.F., and K.F. were children in need of assistance (CINA). The petition alleged grounds under Iowa Code

---

[1] The father's parental rights were also terminated but his appeal was dismissed by the supreme court for failure to comply with Iowa Rule of Appellate Procedure 6.201(1).

section 232.96A(3)(b) and (14). The juvenile court adjudicated the children to be CINA in July.

In August, the mother appeared to be making some progress. She was employed, seeking treatment for substance use, and participating in Safe Care services. However, her participation in treatment was inconsistent. By November, she was not visiting the children or communicating with HHS consistently. She also did not complete substance-use treatment. The mother was also refusing drug screens and had an active warrant she needed to address.

In February 2025, the children's placement was changed twice, and the juvenile court found there was little progress towards reunification and the mother was not participating in drug screens. But she had obtained a mental-health evaluation and was seeking counseling. In March, the mother gave birth to another child who was born testing positive for cocaine. That child was removed and placed with the other children. The youngest child passed away a month later.

Soon after these events, the State sought placement of the children with foster care because the youngest child died in the care of the relative all the children had been placed with. Also, the relative had been allowing the mother unauthorized visits with the children.

In May, the juvenile court determined the mother had not made reasonable progress in the year since the children had been removed and ordered the State to file a petition to terminate parental rights. This came after the mother was diagnosed with severe cocaine and alcohol disorders. She was refusing drug tests when requested by HHS. In at least one instance, she came intoxicated to a visit with the children. Additionally, there was a

reported instance of domestic violence with the father where the mother called 911 but refused to cooperate with responding officers.

The State filed a petition to terminate parental rights alleging the mother's parental rights should be terminated as to the oldest child under Iowa Code section 232.116(1)(f), and under Iowa Code section 232.116(1)(h) with respect to the two younger children. In October, the juvenile court granted the petition. The mother now appeals.

## STANDARD AND SCOPE OF REVIEW

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). First, we "determine whether any ground for termination under section 232.116(1) has been established." *Id.* If we conclude affirmatively, we next "determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 219–20. If we conclude section 232.116(2) supports termination, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* at 220. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

## STATUTORY GROUNDS

The mother challenges the statutory grounds for the termination of her parental rights as to each child. To support termination of her parental

rights as to the oldest child the State had to prove the child (1) is at least four years old, (2) has been adjudicated a CINA, (3) "has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months," and (4) there is clear and convincing evidence that the child cannot be returned to the custody of the parent under section 232.102 at the present time. Iowa Code § 232.116(1)(f). And to support termination with respect to the two younger children, the State had to prove the children (1) are three years old or younger, (2) have been adjudicated CINA, (3) have "been removed from the physical custody of the child[ren]'s parents for at least six months of the last twelve months," and (4) there is clear and convincing evidence that the children cannot be returned to the custody of the parent under section 232.102 at the present time. *Id.* § 232.116(1)(h).

The oldest child was born in 2018, and the two younger children were born in 2022 and 2024, respectively. So, each child meets the age required by statute. They were all adjudicated as CINA under Iowa Code section 232.96A(3)(b) and (14) in June 2024. Additionally, each child had been removed for more than twelve months—from May 2024 through termination in October 2025. Therefore, we find each of the first three elements were proven by clear and convincing evidence with respect to each child.

Further, we find there is clear and convincing evidence in this record that the children could not be returned to the custody of the parent. Children cannot be returned to the parents as provided in section 232.102 if the children cannot be protected from harm that would justify a CINA adjudication. *Id.* § 232.102(4). And "at the present time" means at the time of the termination hearing. *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). During the course of this case, the mother has had unresolved substance-use

and mental-health concerns. Among the concerns are several positive drug screens for cocaine. The mother also refused to test when HHS requested her to, and we presume those refused tests were positive. *See, e.g.*, *In re A.T.*, No. 25-0119, 2025 WL 1085210, at *3 (Iowa Ct. App. Apr. 9, 2025) (presuming all missed tests would be positive for illegal substances when the parent had "no persuasive excuse" for the missed tests). These unresolved substance use concerns are a barrier to the safe return of the children. *See W.M.*, 957 N.W.2d at 313 ("A long history of substance abuse, repeated relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the children could not have been returned to her care at the time of the termination hearing."). Because there remains a dangerous environment stemming from the potential of exposure to controlled substances, we find the children cannot be safely returned to the mother. *See* Iowa Code § 232.116(1)(f)(4), (1)(h)(4).

## BEST INTERESTS

Next, the mother argues termination was not in the children's best interests. In considering that question, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Our review of the record leads us to the conclusion that termination is in the children's best interests.

Here we have already identified that these children have been exposed to cocaine which creates a dangerous environment for them, which supports our conclusion that termination is in their best interests. *See J.P.*, 2020 WL 110425, at *2. Additionally, the record demonstrates these children have been exposed to domestic violence in the home. *See In re J.D.*, No. 21-0391,

6

2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021) (recognizing exposure to domestic violence is harmful to children). Because of these unresolved safety concerns for the children, we find termination is in their best interests.

Therefore, we affirm the juvenile court's termination of the mother's parental rights as to all three children.

## GUARDIANSHIP

The mother argues in her petition that establishment of a guardianship was preferred in lieu of termination. At the outset, we find error is not preserved on this argument. The only reference to a guardianship in the record is a reference in the mother's testimony. Beyond that, the mother's attorney never requested a guardianship, so juvenile court was unable to rule on the request. *See In re M.H.*, 12 N.W.3d 159, 162–63 (Iowa Ct. App. 2024).

Even if error had been preserved, we would find a guardianship is not appropriate in this case. Generally, "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Guardianships often provide less stability for children because they can be changed or terminated. *In re A.M.*, No. 20-1008, 2020 WL 7021576, at *3 (Iowa Ct. App. Nov. 30, 2020). These children are very young and in need of permanency. So, we find a guardianship is not appropriate in this case.

**AFFIRMED.**